IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. HENDRICKS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. No. 11-756-SLR ) |
| G.R. JOHNSON, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents. | ) |

Michael A. Hendricks. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

August 5, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Michael A. Hendricks' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

In July 1998, petitioner was indicted on multiple charges of possession with intent to deliver cocaine, delivery of cocaine, and related drug offenses. (D.I. 12 at 1) A Delaware Superior Court jury trial commenced in October 2000. *Id.* The State rested its case on the second day of trial, and petitioner did not return to the courtroom after the luncheon recess. *See Hendricks v. State*, 871 A.2d 1118, 1121 (Del. 2005). The trial judge found that petitioner was voluntarily absent and the trial proceeded to closing arguments. *Id.* The jury convicted petitioner of three counts of delivery of cocaine, two counts of maintaining a vehicle for keeping a controlled substance, and one count of possession of drug paraphernalia, and acquitted him of one count of maintaining a dwelling for keeping a controlled substance. *Id.*

Petitioner was arrested on a capias warrant on September 17, 2004. *See Hendricks*, 871 A.2d at 1121. In November 2004, the Superior Court sentenced him to sixty-three years of Level V incarceration, suspended after sixty years for one year of probation. The Delaware Supreme Court affirmed petitioner's convictions and sentence. *Id.*

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on March 10, 2008. (D.I. 14, App. to State's Ans. Br. in *Hendricks v. State*, No.586,2010 at B-5) A Superior Court Commissioner issued a Report and Recommendation concluding that the Rule 61 motion should be denied as procedurally barred under Rule 61(i)(3) and (4). *See Hendricks*, 2011 WL 3273912, at *2. In March 2010, the Superior Court adopted the Recommendation and Report and denied petitioner's Rule 61 motion. *Id.* The Delaware Supreme Court affirmed that decision on July 29, 2011. *See id.* at *2.

Soon thereafter, petitioner filed a § 2254 application asserting two grounds for relief: (1) the prosecutor engaged in misconduct during the closing argument by mischaracterizing the reasonable doubt standard; and (2) defense counsel provided ineffective assistance by failing to object to such prosecutorial misconduct. The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, because claim one is procedurally barred and claim two fails to satisfy § 2254(d). (D.I. 12)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner's § 2254 application, dated August 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Therefore, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's convictions and sentence on April 21, 2005, and he did not seek certiorari review of that decision. As a result, petitioner's judgment of conviction became final on July 21, 2005, meaning that he had to file his § 2254 application by July 21, 2006 in order to comply

3

with AEDPA's one-year filing deadline. See *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until August 23, 2011,[1] five years after the expiration of AEDPA's limitations period. Thus, the instant habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

In this case, petitioner filed a Rule 61 motion in March 2008, approximately one year and seven months after the expiration of the limitations period in July 2006.[2] As such, the Rule 61 motion does not have any statutory tolling effect. Accordingly, the application is time-barred, unless equitable tolling applies.

---

[1] According to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003). The court adopts August 23, 2011 as the date of filing because that is date on petitioner's form application. (D.I. 1 at 15)

[2] Although petitioner filed his Rule 61 motion within Delaware's three-year filing deadline for Rule 61 motions in effect at the time, the Rule 61 motion was filed after AEDPA's one-year filing deadline had already passed. Therefore, contrary to petitioner's belief, (D.I. 16 at 4-5), the Rule 61 motion cannot act to toll AEDPA's limitations period.

4

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). With respect to the diligence requirement, the burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights;[3] equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

In turn, the Third Circuit has explained that extraordinary circumstances for equitable tolling purposes may be found where:

> (1) the defendant actively misled the plaintiff;
> (2) the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) the plaintiff timely asserted his rights mistakenly in the wrong forum.

See *Fay v. Horn*, 240 F.3 239, 244 (3d Cir. 2001).

In this case, petitioner does not allege, and the court cannot discern, any reason to equitably toll the limitations period. It is well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse his failure to make a prompt and timely filing. *See Jones*, 195 F.3d at 160; *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an

---
[3]*See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

5

extraordinary circumstance for equitable tolling purposes). Similarly, "attorney error, miscalculation, inadequate research, or other mistakes" do not amount to extraordinary circumstances for equitable tolling purposes. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). Therefore, even if petitioner's untimely filing of the instant application was the result of a miscalculation regarding the one-year filing period, that type of mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For this reason, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[4]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would

---

[4]Having determined that the application is time-barred, the court will not address the State's alternative contention that the claims are either procedurally barred or meritless.

find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.